UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re  Diego Reyes,                    )
                                       )
                                       )    Bankruptcy No. _____13-43272_____
                                       )
         Debtor.                       )    Chapter _____7_____

COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
(IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____ Nixon Peabody LLP _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: ____ September 25, 2014 [Dkt. 42] effective as of September 7, 2014 ____

Period for Which Compensation is Sought:
From _____ September 7 _____, __2014__ through _____ January 25 _____, __2017__

Amount of Fees Sought:  $ 12,901.00

Amount of Expense Reimbursement Sought:  $ 234.10

This is an:     Interim Application _____     Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated:  _____ February 7, 2017 _____                    _____ R. Scott Alsterda _____
                                                                    (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DIEGO REYES, | ) | Case No. 13-43272 |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |
| | ) | |

## FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1. Diego Reyes (the "Debtor") filed his voluntary petition under Chapter 7 of the Bankruptcy Code on November 5, 2013 [Dkt. 1].

2. The Trustee filed his Initial Report of Assets on October 24, 2016 [Dkt. 73].

3. On September 25, 2014, an order was entered approving the employment of Ungaretti & Harris LLP as counsel for the Trustee [Dkt. 42]. On November 29, 2016, an order was entered approving the substitution of Nixon Peabody LLP as Trustee's counsel pursuant to a merger of the two law firms [Dkt. 83]. Copies of the September 25, 2014 Order and the November 29, 2016 Order are attached hereto as Exhibit "A."

### CASE SUMMARY

4. The initial meeting of creditors was scheduled for December 19, 2013 at which time the Debtor appeared and was examined by the Trustee concerning his assets, liabilities and financial affairs.

5.  The Trustee requested certain documents from the Debtor relating to various non-exempt assets which were not subject to any security interests. The Trustee also requested financial information and documentation from the Debtor pertaining to the Debtor's exemption claims in an employment bonus and a couple of life insurance policies.

6.  The creditors' meeting was continued from time to time thereafter in order to afford the Debtor an opportunity to produce the information and documents and to give the Trustee and his counsel time to review the Debtor's production.

7.  Following the Trustee's receipt and review of the requested information and documents, the Trustee with the assistance of his counsel determined that there were assets in the bankruptcy estate that could be liquidated for the benefit of creditors. The Trustee also concluded that there were potentially valid objections to certain of the Debtor's exemption claims.

8.  The Trustee again with the assistance of his counsel entered into negotiations with the Debtor and his counsel for the Debtor's purchase of the bankruptcy estate's right, title and interest in various non-exempt and exempt assets.

9.  The negotiations resulted in an agreement for the Debtor to purchase the bankruptcy estate's right, title and interest in various assets for the sum of $40,000.00.

10. Based upon this purchase agreement, the Trustee filed an Initial Report of Assets on October 24, 2016 [Dkt. 73].

11. NP prepared the Trustee's Motion to Sell the Estate's Right, Title and Interest in Certain Personal Property to Diego Reyes [Dkt. 78] and on November 29, 2016 an order was entered by this Court approving the sale [Dkt. 82].

12. The sale of bankruptcy estate's right, title and interest in various assets to the Debtor closed and the Trustee filed his Report of Sale on December 6, 2016 [Dkt. 84].

13.     Following the sale of the assets to the Debtor, the Trustee with the assistance of his counsel, reviewed the proofs of claims filed in the bankruptcy case. NP also prepared the Trustee's Motion to Employ a Tax Accountant to assist the Trustee in the preparation of the bankruptcy estate's tax returns. On January 18, 2017 an order was entered authorizing the Trustee's employment of a Tax Accountant [Dkt. 90] and the Trustee has filed the bankruptcy estate's final tax returns with the state and federal taxing agencies.

14.     All of the assets in the Debtor's bankruptcy estate have been administered and the Trustee has prepared his Final Report and projected distribution. Subject to the entry of orders on the final fee applications, the Trustee is ready to make a distribution and close the case.

## DESCRIPTION OF LEGAL SERVICES

15.     The nature and extent of the services which NP provided to the Trustee for September 7, 2014 through January 25, 2017 are summarized in the following paragraphs.

16.     Asset Analysis and Recovery (B-120). NP provided 3.70 hours of services with a value of $1,905.50 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included reviewing the Debtor's financial documents and bank account and brokerage statements. The Trustee's counsel also corresponded with the Debtor's counsel regarding the document production by the Debtor and requested additional information concerning the Debtor's exemption claims in the employment bonus and life insurance policies.

17.     Asset Disposition (B130). NP provided 6.60 hours of services to the Trustee with a value of $3,399.00 related to the Trustee's liquidation and disposition of assets in the Chapter 7 case. These services included negotiations with the Debtor's counsel on the terms of the sale of the bankruptcy estate's right, title and interest in various non-exempt and exempt assets to the Debtor. NP also drafted the Trustee's motion to sell the assets to the Debtor, including the notice

of motion and the proposed order. Following the entry of the order approving the sale, NP also prepared the Trustee's Report of Sale.

18.    <u>Meetings and Communications with Creditors (B-150)</u>. NP provided .20 hours of service to the Trustee with a value of $103.00 in the form of correspondence with counsel for one of the creditors regarding the hearing on the sale of assets described above.

19.    <u>Fee/Employment Applications (B-160)</u>. NP provided 4.90 hours of services to the Trustee with a value of $2,219.50 related to the Trustee's employment of legal counsel and a tax accountant. These services including drafting the motions to employ both professionals including the notices and proposed orders, as well as court appearances for the hearings on the motions.

20.    <u>Other Contested Matters (B-190)</u>. NP provided 14.40 hours of services to the Trustee with a value of $4,965.00 related to the Trustee's objections to the Debtor's exemption claims in an employment bonus and a couple of life insurance policies. These services included reviewing documents produced by the Debtor for the employment bonus and the life insurance policies. NP also researched and reviewed the relevant case law on the exemption claims. The services also included a review of a memorandum prepared by the Debtor's counsel supporting the exemption claims and the preparation of a memorandum for the Trustee supporting his objections to the Debtor's exemption claims. Throughout this process, the Trustee's counsel also had correspondence and telephone conferences with the Debtor's counsel regarding their respective legal positions on the exemption claims.

21.    <u>Claims Administration and Objections (B-310)</u>. NP provided .60 hours of services to the Trustee with a value of $309.00 related to proofs of claims filed in the bankruptcy case. These services included telephone conferences and correspondence with counsel for one of the creditors regarding the withdrawal of a mistakenly filed duplicate claim.

22. <u>Summary of Services</u>. The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 3.70 | $1,905.50 |
| Asset Disposition | B-130 | 6.60 | $3,399.00 |
| Meetings of and Communications with Creditors | B-150 | 0.20 | $103.00 |
| Fee/Employment Applications | B-160 | 4.90 | $2,219.50 |
| Other Contested Matters | B-190 | 14.40 | $4,965.00 |
| Claims Administration and Objections | B-310 | .60 | $309.00 |
| **TOTAL** | | **30.40** | **$12,901.00** |

23. Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

24. The time expended and services rendered by each individual NP attorney is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 15.90 | $515.00 | $8,188.50 |
| Patrick Ross | 14.50 | $325.00 | $4,712.50 |
| TOTAL | **30.40** | | **$12,901.00** |

25. Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the amount of $125.70 and photocopies (at 10¢ per page) in the amount of $108.40 for a total amount of $234.10.

26. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

27.  At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which NP was employed.

## PRAYER FOR RELIEF

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $12,901.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $234.10.

DATE: February 7, 2017                           Respectfully Submitted

                                                 NIXON PEABODY LLP

Of Counsel:
R. Scott Alsterda (ARDC 3126771)                 /s/ R. Scott Alsterda
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602-4283
312-977-9203
rsalsterda@nixonpeabody.com

6